Filed 2/24/22  P. v. Noordman CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076063 |
| v. | (Super.Ct.No. FRE006600) |
| KINZIE NOORDMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Natasha Cortina, Acting Assistant

1

Attorney General, Steve Oetting and Eric A. Swenson, Deputy Attorneys General, for

Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

### A.   FACTUAL HISTORY

This recall from the California Supreme Court appeal involves the denial of

Defendant's postjudgment motion.  Therefore, the statement of facts from the underlying

case is not pertinent to this appeal and is omitted.  A detailed statement of facts is

included in *People v. Noordman* (Aug. 16, 2006, E038123) [nonpub. opn.].

### B.   PROCEDURAL HISTORY

In 2005, a jury convicted defendant and appellant Kinzie Noordman of first degree

murder under Penal Code section 187[1], subdivision (a), and found true firearm

enhancements that defendant had personally and intentionally discharged a firearm under

section 12022.53, subdivisions (b), and (c).  The trial court sentenced defendant to 45

years in state prison.  After defendant appealed, we affirmed the judgment.  (*People v.*

*Noordman*, *supra*, E038123.)

In 2019, the California Department of Corrections and Rehabilitation (CDCR) sent

a letter to the trial court.  In the letter, the CDCR recommended that defendant's sentence

be recalled so that the court may consider resentencing defendant.  The CDCR included

its cumulative case summary and evaluation report with the letter.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

On December 27, 2019, following an in-chambers hearing wherein the parties were not present, the trial court noted that it had reviewed the materials provided by the CDCR under section 1170, subdivision (c)(1). The court, however exercised its discretion to not recall defendant's sentence and to not resentence defendant. Defendant filed her notice of appeal on November 5, 2020; on September 15, 2021, we filed our opinion affirming the judgment.

After our original opinion in this case was filed, defendant filed a petition for review in the California Supreme Court. On November 17, 2021, the Supreme Court granted defendant's petition for review with directions to vacate our "prior decision and reconsider the cause in light of . . . section 1170, subdivision (d)(1), as amended by Assembly Bill No. 1540 (Stats. 2021, ch. 719.)" (*People v. Noordman* (Nov. 17, 2021, S271322).)

For the reasons set forth below, we will reverse the trial court's order and remand the case to the trial court for a further hearing on the CDCR's recommendation for recall and resentencing pursuant to Assembly Bill No. 1540 (AB 1540). In all other respects, the judgment is affirmed.

## DISCUSSION

On October 8, 2021, Governor Newsom signed AB 1540 (2021-2022 Reg. Sess.). (Stats. 2021, ch. 719, §§ 1-7.) AB 1540 "moves the recall-and-resentencing provisions of current . . . section 1170, subdivision (d)(1) to a new section, 1170.03, and revises the terms of that provision." (*People v. Cepeda* (2021) 70 Cal.App.5th 456, 471.) Newly enacted section 1170.03 now "requires the court to hold a hearing and state its reasons on

3

the record for granting or denying recall and resentencing. [Citation.] And, in cases like this one, where the recall request was initiated by the CDCR, the new statute requires notice and the appointment of counsel, as well as a presumption in favor of recall and resentencing that can be overcome only by a finding that the inmate is an unreasonable risk of danger to public safety." (*Cepeda*, at pp. 471-472.)

In this case, the trial court held an in-chambers hearing without parties present, prior to the enactment of AB 1540. Therefore, the court's ruling did not comply with the new legislation's requirements.

Defendant argues that AB 1540 applies to this case because it is retroactive under *In re Estrada* (1965) 63 Cal.2d 740, or "on the grounds remedial or procedural statutes are applicable to cases pending on appeal (*City of Clovis v. County of Fresno* (2014) 222 Cal.App.4th 1469, 1483-1484." The People argue that "[i]t does not appear that the new procedures specified in AB 1540 apply retroactively to rulings previously made under section 1170, subdivision (d)(1)."

Here, we do not need to determine the retroactivity of AB 1540 because we agree with the People that "considerations of judicial efficiency may counsel in favor of simply applying the new statutory terms regardless of the merits of appellant's present claims. Any reconsideration of the recall request after January 1, 2022, would necessarily be subject to the new procedures specified in AB 1540." (Fn. omitted.)

Therefore, we remand this case to the trial court for a further hearing on the CDCR's recommendation for recall and resentencing pursuant to AB 1540.

4

## DISPOSITION

We reverse the trial court's postjudgment order denying the motion to recall and resentence defendant pursuant to section 1170, subdivision (d), and remand the case for further hearing on the motion under AB 1540 and newly enacted section 1170.03.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

SLOUGH
J.

RAPHAEL
J.

5